quinn emanuel trial lawyers | salt lake city

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7643**

WRITER'S EMAIL ADDRESS
yehudagoor@quinnemanuel.com

February 1, 2024

**VIA ECF AND EMAIL**

Hon. Analisa Torres
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007
torres_nysdchambers@nysd.uscourts.gov

Re:   *VGB Limited v. Bolivarian Republic of Venezuela*, No. 1:23-cv-09933-AT
      [rel. 1:20-cv-10342-AT]

Dear Judge Torres:

On behalf of our client VGB Limited, the Plaintiff in the above-referenced action, we respectfully submit this letter pursuant to Rules I.B and III.A of Your Honor's Individual Practices, seeking entry of an order authorizing Plaintiff to effect service of the summons and complaint on Defendant the Bolivarian Republic of Venezuela ("Venezuela") via diplomatic channels by the method set forth in Section 1608(a)(4) of the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1608(a)(4).  For service under Section 1608(a)(4), the Foreign Mailing Instructions of the Clerk of this Court direct parties to present a letter of request to the Clerk.  *See* Clerk's Office, Foreign Mailing Instructions, at 12.  In advance of such a request to the Clerk, Plaintiff respectfully submits this letter to ensure service is properly and timely effected under the FSIA.

Plaintiff is the beneficial owner of multiple series of bonds (collectively, the "Bonds") issued by Venezuela pursuant to certain bond documents, as described in Plaintiff's complaint [Dkt. 1].  As Your Honor is aware from related cases, Venezuela has failed since October 2017 to pay contractually mandated principal and interest payments due on the Bonds.  *See*, *e.g.*, *Altana Credit Opportunities Fund SPC v. Bolivarian Republic of Venezuela*, No. 20-cv-08402-AT, 2023 WL 5051884, at *1 (S.D.N.Y. July 5, 2023) (Torres, J.).  Plaintiff commenced this action on November 9, 2023, similarly asserting claims for breach of contract arising from Venezuela's default.

quinn emanuel urquhart & sullivan, llp

ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | ZURICH

As Your Honor also knows, there have been important developments in Venezuela that have caused the U.S. government to make certain political determinations that are binding on U.S. courts. In 2019, the U.S. government announced that it would no longer recognize Nicolás Maduro as Venezuela's President and would instead recognize National Assembly President Juan Guaidó as the "interim President of Venezuela." U.S. Dep't of State, *Press Statement from Sec'y of State Michael R. Pompeo: Recognition of Juan Guaido as Venezuela's Interim President* (Jan. 23, 2019).[1] This Court has found this determination to be binding on it. *Contrarian Cap. Mgmt., L.L.C. v. Bolivarian Republic of Venezuela*, No. 19-cv-11018-AT, 2020 WL 5849013, at *2 (S.D.N.Y. Oct. 1, 2020) ("The United States government recognizes Juan Guaidó as the legitimate president of Venezuela, and the National Assembly as the legitimate legislature…. That determination is binding on this Court.") On December 30, 2022, the Venezuelan National Assembly voted to remove Mr. Guaidó from office and dissolved his government. The U.S. government now "recognize[s] the democratically elected 2015 National Assembly" as the legitimate government of Venezuela. U.S. Dep't of State, *Press Statement: Venezuela's Interim Government and the 2015 National Assembly* (Jan. 3, 2023).[2]

Service of process on a foreign state in U.S. courts must be effected in accordance with Section 1608(a) of the FSIA, which provides four methods of service "in descending order of preference." *Lovati v. Bolivarian Republic of Venezuela*, No. 19-cv-04796-ALC, 2020 WL 6647423, at *2 (S.D.N.Y. Nov. 11, 2020). "Plaintiffs must attempt service by the first method, or determine that it is unavailable, before attempting subsequent methods in the order in which they are laid out[.]" *Pablo Star Ltd. v. Welsh Gov't*, 170 F. Supp. 3d 597, 603 (S.D.N.Y. 2016) (citation omitted). In prior proceedings before this Court, Venezuela has taken the position that the "only method of service currently available against [Venezuela] is set forth in § 1608(a)(4), which allows for service through diplomatic channels." Mem. in Support of Mot. to Vacate Certificate of Default & Dismiss for Lack of Personal Jurisdiction at 17, *Lovati. v. Bolivarian Republic of Venezuela*, No. 1:19-cv-04796-ALC (S.D.N.Y. Mar. 13, 2020) [Dkt. 44] (the "Venezuela Memorandum").

As explained below, and consistent with Venezuela's position, the first three methods of service set forth in Section 1608(a) are unavailable:

    i. Section 1608(a)(l) allows for service by "special arrangement." The Bonds at issue contain a special arrangement for service on the Consulate General or an alternative agent in New York. However, Venezuela has closed its Consulate General and has failed to maintain an alternate agent to accept service of process. *Lovati*, 2020 WL 6647423, at *3; Venezuela Memorandum, at 13. As a result, Venezuela has maintained that service is unavailable through the "special arrangement" agreed in the Bonds.

    ii. Section 1608(a)(2) allows for service in accordance with an applicable international convention. While Venezuela is a signatory to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Convention"), it has submitted to this Court that service under the

---

[1] *Available at* https://2017-2021.state.gov/recognition-of-juan-guaido-as-venezuelas-interim-president/.
[2] *Available at* https://www.state.gov/venezuelas-interim-government-and-the-2015-national-assembly/.

      Hague Convention is unavailable because it "would require the Court to recognize the actions and decrees of the Maduro regime[,]" rendering this method of service unavailable. Venezuela Memorandum, at 17.

    iii.    Section 1608(a)(3) allows for service by mail. Venezuela has taken the position that this method of service is not available either. This Court has further recognized that service under Section 1608(a)(3) appears to be "categorically unavailable" for Venezuela. *Casa Express Corp. v. Bolivarian Republic of Venezuela*, No. 1:18-cv-11940-AT (S.D.N.Y. Apr. 3, 2019) [Dkt. 22] (citing *Azadeh v. Gov't of the Islamic Republic of Iran*, 318 F. Supp. 3d 90, 99 (D.D.C. 2018)).

As the first three methods of service have been ruled out by this Court, as well as by Venezuela, the only remaining method is the one prescribed in Section 1608(a)(4), *i.e.*, service by diplomatic channels. Your Honor has recently granted the same relief to other plaintiffs seeking to effect service of Venezuela, including in the related case. *Neuhauser v. Bolivarian Republic of Venezuela*, No. 20-cv-10342-AT (S.D.N.Y. July 12, 2021) [Dkt. 17]; *Altana Credit Opportunities Fund SPC v. Bolivarian Republic of Venezuela*, No. 23-cv-07217-AT (S.D.N.Y. Aug. 30, 2023) [Dkt. 14]; *VRB 4 Inv. LTD v. Bolivarian Republic of Venezuela*, No. 23-cv-05287-AT (S.D.N.Y. July 19, 2023) [Dkt. 15]. Further, this Court has granted default judgments against Venezuela following service effected pursuant to Section 1608(a)(4). *See, e.g., Altana Credit Opportunities Fund SPC v. Bolivarian Republic of Venezuela*, No. 20-cv-08402-AT (S.D.N.Y. Nov. 16, 2023) [Dkt. 89]; *Chickpen, S.A. v. Bolivarian Republic of* Venezuela, No. 21-cv-00597-AT (S.D.N.Y June 13, 2022) [Dkt. 46]; *Syracuse Mountains Corp. v. Bolivarian Republic of Venezuela*, No. 21-cv-02678-AT (S.D.N.Y. July 20, 2023) [Dkt. 49].

Plaintiff respectfully requests that the Court similarly order service on Venezuela through the U.S. Department of State under Section 1608(a)(4), given the unavailability of the other methods of service prescribed by the FSIA.

Because Plaintiff has not yet served Venezuela, Plaintiff does not know if Venezuela is represented by counsel in this action.

Respectfully submitted,

Yehuda Goor